UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC MICHEAL FITCH                                    CIVIL ACTION

VERSUS                                                NO. 16-16903

DANIEL LASSUS                                         SECTION "B" (4)

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and(C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**.

On January 19, 2017, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by telephone conference call.[2]

### I.   Factual Summary

On November 25, 2016, the plaintiff, Eric Micheal Fitch ("Fitch"), filed this *pro se* and *in forma pauperis* complaint against Deputy Sheriff Daniel Lassus. Fitch is currently housed at the Jefferson Parish Correctional Center in Gretna, Louisiana.

In his complaint, Fitch alleges that on November 29, 2015 he was severely beaten and thrown to the ground from four feet in the air. R. Doc. 1, p. 4. He states that he was removed from a dumpster by Deputy Lassus while Lieutenant Brian Karcher, Sergeant Roddy, and Deputy Brett Beavers covered him. *Id.* at p. 6. He states that they identified themselves as police officers and that he was willing to exit the dumpster voluntarily. However, he was pulled from the dumpster

---

[1] 766 F.2d 179 (5th Cir. 1985).

[2] R. Doc. No. 5.  The plaintiff was sworn prior to testifying.

and fell four feet, landing on the left-side of his face. *Id.* Deputy Lassus and Deputy Miceal Rios then grabbed and twisted his arms until his elbow hurt. *Id.* He alleges that he did not resist at all and was placed in double locked handcuffs. Deputy Lassus then allegedly repeatedly punched him in the face. He alleges that the incident took place behind the Winn Dixie on Jefferson Highway and that Dash-Cam footage will corroborate his allegations. *Id.* at p. 7.

Fitch seeks an MRI of his left cheekbone, right elbow, and right knee. He would also like Deputy Lassus punished. He also seeks to be compensated for his pain and suffering. *Id.* at p. 5.

**II.     The *Spears* Hearing**

On January 19, 2017, a *Spears* Hearing was conducted. Fitch was sworn in and testified to the following:

He stated that he was hiding in a trash dumpster due to circumstances surrounding an alleged purse snatching. He had been there an hour when he heard some static from a nearby radio. He heard voices talking about someone hiding in the dumpster.

At that time, he said that he was in the dumpster and put his hands up, asking them not to shoot. Deputy. Lassus then pulled him out of the trash dumpster, and he fell four feet from the dumpster. He was given no opportunity to surrender or get out of the dumpster voluntarily. The left side of his face hit the ground first. He broke his eyeglasses in the fall.

Deputy Lassus and other officers then restrained him, but Fitch states that he was not resisting at all. Fitch claims they twisted his arm so bad in restraining him that the elbow on his right arm has never been the same since. They allegedly then put him in double lock handcuff, and Deputy Lassus started punching him in the face and calling him foul names.

He reported Deputy Lassus's conduct in a grievance on the incident, but the conduct was not investigated.

He thinks that he fractured his cheekbone in the incident. His nose was bleeding profusely although he was not punched in the nose. He believes that he blacked out for a couple of seconds and was only awoken by Deputy Lassus punching him.

He was charged with resisting an officer as well as a purse-snatching charge. They also charged him with battery of a police officer, but that charge was dropped. He was arrested on November 29, 2015. He is still awaiting trial.

He stated that emergency medical services examined him out after the incident. When he was brought to the jail, he had a medical intake. He informed them that he thought his cheekbone was fractured, but they have not done anything at this time. He has seen the nurse practitioner and was examined. The nurse practitioner opined that his cheek was probably healed now.

He wants the Court to hold Officer Lassus accountable. He also seeks pain and suffering damages. He would also like an MRI or an X-Ray of his cheekbone be paid for.

### III.   Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.

*Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### IV. **Excessive Force Claims**

Fitch claims that Deputy Daniel Lassus engaged in the use of excessive force when he arrested him. The preliminary screening of Fitch complaint reveals that his claims may be subject to dismissal with prejudice pursuant to the provisions of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See also*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

To prevail on a Fourth Amendment excessive force claim, Fitch must show: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012) (quoting *Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir. 2009)). The reasonableness of the officer's conduct must be evaluated on the "'facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Moreover, the Court must "adopt 'the perspective of a reasonable officer'" and evaluate if his actions were objectively reasonable without regard to the officer's intent or motivation. *Id*. (quoting *Graham*, 409 U.S. at 396-397).

4

In *Heck v. Humphrey*, 512 U.S. 477 (1994) the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. *Heck,* 512 U.S. at 486-487*; Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are still outstanding. See *Hudson*, 98 F.3d at 872; 512 U.S. at 484-85. the Supreme Court stated that in order to recover damages or other forms of relief for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, plaintiff must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" under 28 U.S.C. § 2254.  *Heck,* 512 U.S. at 486-487; see also *Boyd v. Biggers*, 31 F.3d 279 (5th Cir.1994); *see also Jackson*, 49 F.3d at 177; *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). *See also Green v. Dist. Attr's Office,* No. 08-3685, 2009 WL 651132 (E.D. La. Mar. 10, 2009).

The same concern was later considered in the context of a pretrial detainee in *Mackey v. Dickson,* 47 F.3d 744 (5th Cir.1995). The *Mackey* court instructed that, in the case of a pretrial detainee, if it is premature to determine whether the § 1983 claims for damages are barred by *Heck,* the district court could stay the proceedings until the pending case has run its course and the Court can determine the relationship between the claim and the ultimate conviction. *Mackey,* 47 F.3d at 746.

Fitch's claims of excessive force against Deputy Lassus may call into question the charge of resisting arrest that is still currently pending against him and may ultimately be barred by *Heck*. *See Daigre v. City of Waveland*, 549 F. App'x 283, 286-87 (5th Cir. 2013) (finding excessive force

claim *Heck*-barred by underlying resisting arrest charge). In order to make this determination, the Fitch Circuit has cautioned that this "determination of whether such claims are barred is *analytical and fact-intensive*, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (emphasis added).

Because Fitch's charges are still pending, the Court is unable to proceed with this fact-intensive determination at this time. As such, *Heck* does not yet apply or stand to bar Fitch's claims while in this posture. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (holding that *Heck* does not bar "an action which would impugn an anticipated future conviction."). Nevertheless, the United States Supreme Court has made clear that federal courts need not proceed with cases in which a *Heck* problem <u>may</u> ultimately arise. Rather, the Supreme Court has explained that, when a plaintiff files a claim related to rulings that will be made in an anticipated criminal trial, the District Court must stay the civil action until the criminal case is ended. *Id*. 549 U.S. at 393, 94; *see also*, *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). The Court directed that if the plaintiff is ultimately convicted, the *Heck* bar would require dismissal; if he is not, the District Court can proceed with the civil action, absent some other bar to suit. *Id*. 549 U.S. at 393-94.

Under that reasoning, Fitch's excessive force claims must be stayed until such time as his state criminal proceedings are concluded. *See Wilson v. Dailey*, No. 11-117, 2011 WL 2637183, at *2 (E.D. La. Jul. 06, 2011). For the foregoing reasons, Fitch's claims in connection with his arrest against Deputy Lassus must be stayed pending the outcome the criminal proceedings as to the offense of resisting arrest. Fitch should be required to notify the court no later than thirty (30) days following resolution of his state felony criminal charges, including any direct appeal or

Case 2:16-cv-16903-ILRL   Document 6   Filed 03/10/17   Page 7 of 7

immediate supervisory review, and include notification to the Court in writing whether Fitch was convicted or acquitted.

## V. Recommendation

It is further **RECOMMENDED** that Eric Micheal Fitch's § 1983 claims for wrongful arrest by the defendant, Deputy Sheriff Daniel Lassus be **STAYED** and **ADMINISTRATIVELY CLOSED** for statistical purposes until such time as Fitch's state criminal charges have ended.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 10th day of March, 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

7